————o————

No. 3284.

(Court of Appeal, Parish of Orleans).

JAMES H. McEVOY, Appellee, vs. HENRY PORBES, ET AL., Appellants.

1. Where the owner of an immovable property has held beyond his title for less than thirty years and has prior to expiration of that time conveyed his property in accord with and within the limits of his title deed, this constitutes an interruption of possession or

56

abandonment of his material detention of the excess beyond his title.

2. So, his transferee who acquired by such title and a subsequent transferee cannot to their possession of this excess for less than thirty years, tack on the possession of the first holder to successfully urge a thirty years plea of prescription against the rightful claimant of that excess. 52 A. 192 and No. 2921 of Docket Court of Appeal.

Appeal from Civil District Court, Division A.

W. S. Benedict, laintiff and Appellant.

Fenner, Henderson & Fenner, Defendant and Appellee.

BEAUREGARD, J. Defendants appeal from an adverse decree sustainting plaintiff's demand.

The matter in dispute is a strip of land of two feet, nine inches and four lines front by a fixed depth.

There is no dispute as to the fact that the title of plaintiff—defendants contiguous owner of property—covered, and always did cover, the strip of land referred to above and which in this action plaintiff seeks to recover, but as to which defendants tendered the plea of thirty years prescription which was rejected.

The plea rests on the following, viz:

" It seems that in May, 1870, one John Sheehan Collins acquired a certain piece of property fully described in the pleadings and in his title; and that at or about that time this vendee took possession, beyond his title, of the strip of land referred to, which had been previously enclosed by a fence making the boundary of said property or lot.

That on November 19, 1877, he sold this property—restricted to the limits of his title and not covering or including the strip in question, to his sister, Emma Sheehan. And that when she died in August, 1878, his niece and present defendant, Miss Mary Sheehan, inherited the said property from her, including the said strip within the aforesaid fence boundary.

Thus it will appear that to support their thirty years plea of prescription, defendants virtually set up the fence in question as the act of John Sheehan Collin's possession Animo Domini and the sum, of his, his buyer's and defendant's possession as one; continuous, uninterrupted during all the time, public, and unequivocal, R. C. C. 3500.

In view of the facts of record this plea could not have been maintained.

57

In the first place the sale of Collins to his sister in 1877—without mention in his title to her of the strip referred to—amounted as to her, to a clear interruption of title as to the strip in question; "an abandonment of material detention and of animum domini," Marcade Vol. 7, page 84.

An interruption, says the same author, p. 117, annihilates that prescription which was on the way to completion by the interrupting fact. So the only thing then possible is the beginning of a new prescription, independent of the prior period which is completely obliterated.

And further, it can not be conceived how Sheehan Collins, who must have been aware of the area and title boundaries of his property, could have meant to convey to his sister more than he owned in a title which, in its limitation to what he realy did own, amounted to a disclaimer of such intention and pretension.

In the second place and in line with what is stated above, Collins' sale in 1877, without including the strip in question, severed the time of his possession from that which, at that period, began in his buyer. The latter, nor the defendants could therefore tack the time of their possession to that of John Sheehan Collins to sustain their plea of thirty years prescription.

Careful examination of the case of the Vicksburg S. & P. Railway Co., 52 A. 192, and a guide to this Court in the case of Herdeman vs. Sequin, No. 2921 of its docket, disposes of this question of thirty years prescription which according to the Code; R. C. C. 3503 "must be restricted within just limits" and confirm the opinion of this Court in the correctness of the decree appealed from.

The plea of ten years prescription is, as mentioned in appellants brief, not urged.

With respect to the fence, encroaching on plaintiff's property, its existence meant simply to show (as says counsel for appellee in his brief) actual possession, which is admitted, and it can have "no effect upon the rights of the parties in this case," for the titles of the parties and not the acquiescence of one in the possssion of the other for a time, will control when the pretentions set up under this possession are wholly inconsistent with the written titles," 12 La. 539. See also 6 A. 382 and 3 N. S. 15.

Judgment affirmed.

November 23rd, 1903.

Rehearing refused December 7th, 1903